Fletcher, J.
The plaintiffs seek to recover, in this action, the amount of a tax assessed on them by the city of Cambridge, and paid by them under protest, denying the legality of the tax. The case is submitted to the court on an agreed statement of facts.
The plaintiffs are copartners, doing business as booksellers and publishers, in the city of Boston, under the name and firm of Little & Brown. The tax in question in this suit was assessed by the city of Cambridge on the plaintiffs, in May, 1849. The said firm was taxed in Boston, in 1849, for personal property belonging to the firm, and Mr. Little also paid a personal tax in the city of Cambridge, where he resided.
There can be no doubt, that the plaintiffs were lawfully jointly taxed as partners in Boston, where they had their place of business. But the defendants maintain, that the plaintiffs had another place of business in Cambridge, and were, on that ground, lawfully taxed there, under and by virtue of the 13th section of the’ 7th chapter of the revised statutes. That section is as follows, to wit: —
“ Sect. 13. Partners in mercantile or other business, whether residing in the same or different towns, may be jointly taxed, under their partnership name, in the town where their business is carried on, for all the personal property employed in such business; and if they have places of business in two or more towns, they may taxed in those several towns, for the proportions of property employed in such towns respectively ; and, *301 in case of being so jointly taxed, each partner shall be liable for the whole tax.”
The simple question is, whether, upon the facts stated, the plaintiffs had a place of business in Cambridge, so as to be liable to be taxed there under this section of the statute.
By the terms “ glace of business,” used in the statute, as applicable to this case, must be understood a place where business was carried on by the plaintiffs, under their own control and on their own account. If the plaintiffs had any such place of business, it must have been either the printing-office or bookbindery. No other place is'suggested. But the statement of facts conclusively shows, that the business in these two places in Cambridge was carried on by two distinct, independent firms, other than the plaintiffs.
Messrs. Bolles & Houghton had a lease of the printing-office, for a term of years, for which they paid an annual rent. This was exclusively their place of business, which they conducted in their own way, and on their own account and risk. Messrs. Nourse & Remick had a lease of the bookbindery, for a term of years, for which they paid to the plaintiffs an annual rent. This was very clearly their place of business, in which they carried on a distinct, independent business of their own, and wholly on their own account. Both these firms did work for the plaintiffs, and that was all the connection which the plaintiffs had with them. They were not hired as laborers, to work under the plaintiffs, at their place of business, but the plaintiffs contracted with them as distinct, independent firms, doing business on their own account, and at their own places of business.
Bolles & Houghton were to do all the plaintiffs’ printing, so far as they were able, for which they were to be paid, for a part of it at agreed prices, and for the rest at fair market prices. Nourse & Remick were to do all their binding, for which they were to be paid, for a part fair market prices, and for other parts the same prices which the plaintiffs had before paid them. If the business of the plaintiffs had not been sufficient to furnish employment to these two establishments, they would, of course, have done work for other customers, as they *302 might have had applications. The contract with Bolles & Houghton seems to suppose that they may do work for persons other than the plaintiffs, as it is provided that they shall give the plaintiffs’ work a preference, unless under particular circumstances, as stated. With the laborers employed in these establishments the plaintiffs had no concern, and over the places where the work was done they had no control. In point of fact, all the plaintiffs’ printing was not done by Bolles & Houghton, nor all their binding by Nourse and Remick, but portions of each were done at other establishments, which, so far as appears, might as well be considered the plaintiffs’ places of business as these at Cambridge. The amount of the work done at any particular place, would not affect the principle.
The fact that the stereotype plates and the paper, for which the plaintiffs were taxed, were stowed at Cambridge, in the manner and under the circumstances stated, would not authorize the tax. The right of the city of Cambridge to Impose the tax depended upon the plaintiffs having a place of business within that city, and the facts very clearly do not show that the plaintiffs had a place of business in Cambridge, within the meaning of the statute.
Judgment for the plaintiffs for the amount paid, cmd interest from payment. ,